McAFEE vs. RYAN.

Although there may be nothing in the record to impeach the veracity of a witness, and the verdict be against his evidence, still it will not be set aside by the appellate court if it be manifest that the issue was properly understood by the jury. There may have been something in the manner or situation of the witness that rendered him unworthy of credit.

APPEAL from St. Louis Court of Common Pleas.

Napton, J., *delivered the opinion of the Court.*

The plaintiff sued the defendant before a justice of the peace for the cost of feeding some stock, consisting of horses, cattle and sheep, belonging to the defendant. It seems, the plaintiff had been security for the defendant, in a replevin bond and had taken possession of the stock to indemnify himself. It may be inferred from the testimony, that the defendant had but little other property. The account filed by the plaintiff was for $132 50, for keeping four horses, three oxen, six sheep and seven cattle during five months, and was credited with $48, for the use of the team and the services of Mrs. Ryan's sons. The property was taken by McAfee sometime in December. The plaintiff had a judgment before the justice. In the circuit court, the counsel on both sides agreed, that if the verdict was for the plaintiff, a judgment in his favor for $84 should be entered, but if the defendant had a verdict, she should have a judgment for $48.

On the trial, several witnesses were examined on either side, all of whom agreed that McAfee had taken the property to secure himself in the replevin bond, and one of whom stated that Mrs. Ryan told him she was to pay McAfee for keeping the stock. The court instructed the jury that the plaintiff could not recover unless Mrs. Ryan had agreed to pay him for keeping the stock. The defendant had a verdict and judgment was consequently given in her favor for $48.

The hardship of this judgment, if there be any hardship in it, results manifestly from the agreement of counsel. The evidence would have amply sustained a general verdict for the defendant. It is probable, that the use of the horses and oxen and the labor of defendant's sons would have been a fair compensation for keeping the stock the two or three winter months succeeding December, during which it was necessary to feed them. But by the agreement, the only question of fact submitted to the jury was the promise of Mrs. Ryan. On this point, only one witness testified, and the verdict was certainly against his evidence, but we are not authorized for this reason only to disturb it. The jury would have probably done justice between the parties, if the whole case had been submitted to them. As the counsel thought proper to submit a single question to them, and the court distinctly stated the point in the instruction given, and there was but a single witness on the point,

366 SUPREME COURT OF MISSOURI,

the fair inference from the verdict and the refusal of the court to set it aside is, that neither the jury nor the court credited the witness. There is actually nothing on the record to indicate any cause for distrusting the veracity of the witness, but there may have been something in his conduct before the jury or in the relations he bore to the parties, which cannot appear to us. The court which tried the case is better qualified to determine questions of this sort than a court of errors. This is not a case in which the verdict results from a misapprehension of the law or the instructions, and where it is manifest to the appellate court that the ·facts were undisputed. Only a single question of fact was referred to the jury, and it is impossible that they could have misunderstood the point. The Court of Common Pleas seem also to have understood it, and been satisfied with the verdict. We shall therefore not interfere.

Judgment affirmed.