Beyer et al. v. Schlenker.

---

GUSTAVE BEYER et al., Appellants, v. LENA SCHLENKER et al., Respondents.

St. Louis Court of Appeals.   Argued and Submitted October 4, 1910.
Opinion Filed October 24, 1910.

1. **WILLS: Contest: Credibility of Witnesses: Directing Verdict.** While, ordinarily, it is for the jury to pass on the credibility of uncontradicted witnesses, in cases affecting wills, where the evidence as to due execution of the will is clear, the trial court may direct the jury to find accordingly.

2. **APPELLATE PRACTICE: Excluding Evidence: Review: Record Must Show What Testimony Would Have Been.** It is essential to a review of the action of the trial court in excluding evidence that the record show what the witness would have testified to, had he been permitted to answer.

3. ——: ——: ——: ——: **Wills: Contest.** In an action to invalidate a will for lack of execution and undue influence, it can not be said that the court erred in excluding statements made to a contestant by the proponent and principal beneficiary, as to the latter's connection with the will, where the question as to such statements was not followed with an offer to show what they were.

4. **WILLS: Contest: Evidence: Contestant's Knowledge of Contents of Will.** In a suit to invalidate a will for want of execution and for undue influence, evidence that a contestant knew what was in the will was immaterial and irrelevant.

5. ———: ———: ———: Admissions by Sole Beneficiary. Where there is only one party in interest seeking to sustain a will, his declarations against interest are admissible in evidence, whether made before or after the execution of the will by the testator, or before or after it was admitted to probate.

6. ———: ———: ———: ———: Interest of Executor and Husband of Sole Beneficiary. In an action to invalidate a will, the husband of the sole beneficiary, who was also executor of the will, was not such a party in interest as to render his wife's admissions inadmissible, under the rule that an admission of a co-devisee is not admissible to invalidate the will, since his interest as husband was by and through his wife, and as executor he had no such interest as brought him within the class of devisees.

7. ———: Testamentary Rights. A mentally competent testator may dispose of his property as he sees fit.

8. ———: Contest: Failure to Execute and Undue Influence: Sufficiency of Evidence. In an action to invalidate a will for want of execution and undue influence, held, that the action of the trial court in directing a verdict for proponents was correct.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale*, Judge.

AFFIRMED.

*Buder & Buder* for appellants.

(1) In a case where there is only one proponent or contestee of the will the admissions of such person are admissible to avoid the will. Teckenbrock v. McLaughlin, 209 Mo. 533; Clark v. Morrison, 25 Pa. St. 546; Wood v. Carpenter, 166 Mo. 485; Meier v. Buchter, 197 Mo. 69. (2) When evidence is given in support of an issue, and such evidence is not of a character which required the interpretation of the court, it has been held that the jury should be left to pass upon it though no contradictory evidence be given. The jury, it is said, must determine the credibility of the witnesses and the weight to be given to their evidence, and a court, when it undertakes to pass upon the sufficiency of such evidence to prove a given fact,

usurps the province of the jury.   Gordon v. Burris, 141 Mo. 602; Dalton v. Poplar Bluffs, 173 Mo. 47; Bank v. Hammond, 124 Mo. App. 181.   (3)   And where the testator was a feeble old man, illiterate, and surrounded by those who were instrumental in having the will drawn, and who received the most benefit from its provisions, it is immaterial whether the will was the result of a diseased mind, or of a feeble mind imposed upon; in either case the paper signed by him was not his will.   Cowan v. Shaver, 197 Mo. 203; Meier v. Buchter, 197 Mo. 69.

*Zachritz & Bass* for respondents.

(1)   In a will contest the admissions of either party to the contest made after the execution and the probate of the will are not admissible to avoid the will. Schierbaum v. Schemme, 157 Mo. 1; Teckenbrock v. McLaughlin, 209 Mo. 541.   (2)   If proof is lacking, or if it runs so strongly one way that there can be no two ways about it, the court may direct a finding.   Teckenbrock v. McLaughlin, 209 Mo. 538; McFadin v. Catron, 138 Mo. 213; Bradford v. Blossom, 207 Mo. 228.

STATEMENT.—This is a proceeding under section 4622, Revised Statutes 1899, now section 555, Revised Statutes 1909, contesting the validity of a paper produced as the last will and testament of Emil F. W. Beyer.   The parties contesting, who are appellants here, are Gustave Beyer, Ernest Beyer and Margaret Sweiger.   The respondents are Lena Schlenker and Karl Schlenker, her husband.   These plaintiffs and the defendant Mrs. Schlenker appear to be the only heirs at law of Emil F. W. Beyer.   The paper produced as the last will, after providing for the payment of all the debts and funeral expenses, gives to the son Ernest five dollars, to the son Gustave one hundred dollars, and to the daughter Margaret one hundred

and fifty dollars, these bequests being stated to be in full of their share in the estate of the testator. All the rest and residue of his estate is given to the daughter, Mrs. Lena Schlenker, absolutely. The defendant Karl Schlenker was named as executor without bond. Execution was attested by two witnesses, who signed the usual statement, following the body of the paper, that they had signed the paper in the presence of the testator and of each other and at his request, as witnesses to the will and that they believed him at the time to be of sound and disposing mind, and that he declared it to be his last will and testament. The paper produced was duly admitted to probate by the probate court. In the petition instituting the contest and challenging the authenticity of the paper produced, it is charged that it was not executed by the testator and was not attested by two witnesses subscribing their names to the same in the presence of the testator.

A further ground of contest consists of the charge that for many years prior to his death, Emil F. W. Beyer lived with the defendants and was completely under their influence, domination and control; that he was far advanced in years, in very poor health, in consequence of which he was of weak and enfeebled mind at the time he undertook to sign the paper alleged to be his last will; that he was not of a determined mind; that his mind and memory had become so impaired within the meaning of the law, and incapable of understanding, realizing or appreciating what disposition he had made or was making of his affairs therein, that he did not comprehend or understand its meaning or effect; that defendants knowing his exact condition of mind, at that time desirous of taking advantage thereof, by their request and entreaties, prevailed upon him to make a will in their favor to the almost total exclusion of these plaintiffs, and that acting under and in pursuance of their request and entreaties,

Mr. Beyer made and executed the paper, not understanding, realizing or appreciating what disposition he had made or was making of his property therein, and not comprehending or understanding the meaning thereof; that the defendants, knowing the condition of mind of testator, as aforesaid, by words and acts toward him, poisoned the mind of the testator against the plaintiffs by wrongfully telling him that the plaintiffs had no love or affection toward him and that they were ungrateful toward him, by reason whereof testator was induced to make and had executed the paper purporting to be his last will, wherein he almost totally disinherited his other children, these plaintiffs. Wherefore it is averred that the paper produced should not be treated or upheld as the last will and testament of said Beyer and plaintiffs pray that an issue be made, as to whether or not the writing produced is the last will of said Emil F. W. Beyer, etc. The defendants, answering and admitting the death of Beyer at the time stated, and that the parties named were his heirs, and denying each and every other allegation of the petition, aver that Mr. Beyer, at the time of executing his last will, was of sound and disposing mind and memory, fully understanding and comprehending his property affairs, the disposition of his property, the parties to whom he was leaving it, and the amount thereof, and that he executed it as his own free will, without any interference or undue influence, and pray that the paper produced be declared his last will.

At the conclusion of the testimony in the case the court instructed the jury that under the law and evidence in the case their verdict should be that the writing offered in evidence purporting to be the last will of Emil F. W. Beyer is his last will. Verdict and judgment followed accordingly and also judgment taxing the costs of the proceeding against the funds of the estate, as part of the expense of the proof of the

will, and that the probate court of the city of St. Louis direct that the costs be paid out of the available assets of the estate, and further that the judgment be certified to the probate court of the city of St. Louis. From this the plaintiffs have perfected their appeal.

REYNOLDS, P. J. (after stating the facts).—We dispose of the contention that due and legal execution of the will was not proven by uncontradicted and clear evidence and that there was a conflict of evidence as to its execution, and that this was for the jury, by saying that the evidence by qualified witnesses, clearly and without contradiction, showed that the paper produced was signed by Mr. Beyer himself as and for his will, and was attested by two competent witnesses subscribing their names to it in the presence of the testator, as required by section 4604, Revised Statutes 1899, now section 537, Revised Statutes 1909. The attesting witnesses furthermore, at the trial of this case in the circuit court, testified that Mr. Beyer was of sound mind at the time he signed and when the witnesses signed as subscribers, and that they had signed in the presence of each other and at his request. The fact of execution was practically uncontradicted. While it is true that the jury may not believe uncontradicted witnesses, and that it is for the jury to pass on their credibility, it is also true that our courts have held in many cases, especially concerning wills, that when the evidence is clear as to due execution, the trial court may direct the jury to find accordingly. The Supreme Court has in many cases itself entered up judgment approving a will, even over conflicting testimony. See, *inter alia,* Teckenbrock v. McLaughlin, 209 Mo. 533, 108 S. W. 46; Story v. Story, 188 Mo. 110, l. c. 129, 86 S. W. 225; Gordon v. Burris, 141 Mo. 602, l. c. 614, 43 S. W. 642; Hamon v. Hamon, 180 Mo. 685, 79 S. W. 422; Southworth v. Southworth, 173 Mo. 59, 73 S. W. 129; McFadin v. Catron, 138 Mo. 197, l. c. 227, 38 S. W. 932, 39 S. W. 771. It

was therefore not only proper, but the duty of the court, so far as this phase of the case is concerned, to declare to the jury that the fact of the execution of the will in conformity with law had been duly proven.

Reading all the testimony in the case, we also agree with the learned trial judge in holding that there was no substantial evidence introduced tending to sustain the other allegations in the petition, and that his action was correct, with that testimony in the case, in instructing a verdict sustaining the paper as the last will of the decedent. There is, however, a phase of the case presented for our consideration, arising upon the action of the learned trial judge in the exclusion of certain testimony offered by the contestants, which we feel compelled to notice. While one of the appellants, Mrs. Margaret Sweiger, was under examination by counsel for the plaintiffs below, as set out on page 41 of the printed abstract, she testified that Mrs. Schlenker said she had a conversation with her father as to his making his will. "She said she told father Monday morning—that her husband told him to make a will, and told her to tell him, and then after he told her he went to the doctor and telephoned, and she said that her father didn't want to make a will." On page 42 this appears: (Mr. Buder, examining the witness, Mrs. Margaret Sweiger.) "Q. You said you called on Mrs. Schlenker when, the day after the funeral or when was it that you called on her? A. We were there at the funeral and the day after. Q. At any of those times did she have any conversation with you as to your interests in the will?" Judge Zachritz (counsel for defendants, respondents here): "I object to that. That is wholly immaterial. It is after the funeral and after the will was probated, and it don't make any difference what Mrs. Schlenker said with reference to that." The court: "I think the objection is well taken." Plaintiffs excepted to this ruling and their counsel stated that he wanted "to show ad-

missions of this witness as to her knowledge of what was in that will, and also as to statements made to her as to her connection with that will." The court said: "Made after the probate of the will?" Mr. Buder: "No, at any time within a short time afterward. Well, after the probate of the will even." The court: "I think, after the will contest, admissions of one of the defendants cannot be admitted in this way to affect the will. . . . I don't think her admissions will affect the will made in this manner after the will was made. Any statements she may have made prior to the execution of the will looking toward the execution of the will may be admissible, but after the will is made an admission on the part of the legatee cannot be made so as to destroy the will." Counsel for appellants insisting that the testimony was proper, the court sustained the objection to it and plaintiffs duly excepted. On page 54 of the abstract this witness, Mrs. Sweiger, having been recalled for re-examination, was asked by counsel for appellants to tell what her sister, that is the defendant, Mrs. Lena Schlenker, said that would indicate any ill-feeling between her (Mrs. Schlenker) and her father, calling the attention of the witness to a conversation that occurred between them (witness and Mrs. Schlenker), after the will had been probated in the probate court. This was objected to by the respondents, defendant below, no ground of objection being then stated, but obviously on the ground before stated; the objection was sustained and plaintiffs excepted. At page 55 this appears: "Q. (By counsel for appellants, putting a question to this same witness and referring to what was said by Mrs. Sweiger in the conversation before referred to). "Did she (Mrs. Schlenker) make any statement in relation to the will at the time that you called there; when was it you called; how long after your father's death was it that you called at their house? A. All them days; till father got buried, and then the day after

when the will was in the paper in the morning, and I came a little bit later and she (referring to Mrs. Schlenker) said—.'' Counsel for respondents here interrupted with an objection and counsel for appellants continued. "I will ask you what she said with relation to that will at that time?'' Counsel for respondents renewed the objection formerly made, the court sustained it and plaintiffs duly excepted. On pages 58 and 59 this appears: Mrs. Katie Beyer, the wife of Gustave Beyer, one of the plaintiffs, being under examination by counsel for plaintiffs, was asked whether she was present at any time when Mrs. Schlenker made some statement about the will. She answered that she was. Asked when, she answered that it was the evening when Mr. Beyer died. Asked what she said, counsel for respondents said: "I renew the objection heretofore made.'' The objection was sustained and plaintiff duly excepted. Witness was then asked if she was present afterwards, after the will was opened and when Mrs. Schlenker called at her house. She said she was. She was asked if she heard what Mrs. Schlenker said at that time and if it related to the will. She said that she had heard it and it did. She was asked what that conversation was. This conversation was objected to, the court asking what conversation was referred to. Counsel for the appellants stated that it was the one when Mrs. Schlenker called at her home and made statements as to her relations about the will. This was after the execution of the will and after it was probated. The court asked if the will was then probated—if this conversation was after the probate of the will. Being answered that it was, the court sustained the objection and exception was duly saved. Counsel for plaintiff then asked her if Mrs. Schlenker had made any statements at that time about Ernest Beyer, a son and plaintiff, stating how she felt. She answered, "Yes.'' Counsel then asked her to give that conversation wherein she referred to Ernest and the

will. This was objected to. The court asked if that was the same evening above referred to and on being told that it was the court sustained the objection and plaintiff excepted. In the course of the argument over these objections, the learned trial judge said he did not think the admissions of Mrs. Schlenker would "affect the will made in this manner after the will was made. Any statements she may have made prior to the execution of the will looking toward the execution of the will may be admissible, but after the will is made an admission on the part of the legatee cannot be made so as to destroy the will." Counsel for appellants contending that there were cases where one of the main devisees wrote a letter as to what had occurred and that the letter was admissible, the court said: "If you have any authority to that effect I will hear you. My own impression is that you are mistaken; that in a will contest the admissions of a legatee to the making of a will are not admissible for any purpose, either as admissions against the will, as they would be in an ordinary suit, and certainly not against anybody else who is mentioned in the will. . . . Suppose Mrs. Schlenker makes an admission, it ought not to be admitted to affect the interest of anybody else in the will. I think the doctrine of admission as against interests in this case at least does not apply to a will contest. I think the last expression you will find on that subject is the Gibson (sic) case in 191st Missouri, . . . holding that will contests are peculiar in that connection, and the general doctrine with reference to admissions against interests does not apply in will contests, and you can see the reason for it; one legatee might be willing to make admissions and be willing to upset the will and they cannot be binding against him, unless they would have the force and effect of destroying the will, and if they were admitted upon the admission of one legatee in the will he could destroy all legacies named in the will. I therefore, sustain the objection."

Mr. Buder: "I am inclined to think those admissions are competent." The court: "It is not the law in this state." Exception was duly saved to this ruling.

It will be observed that the abstract sets out that the statements which were to be given in evidence, were admissions by Mrs. Schlenker alleged to have been made after the probate of the will, as tending to show ill-feeling between the testator and herself. Referring to that evidence, counsel for respondents claim that it does not show what the witness would have testified what statements were made.

It has been frequently held in our courts, both by the Supreme and by this court, that it is essential to the review of the action of the trial court in the exconclusion of evidence, that the evidence proposed must appear in the record; that the record must set out what the witness would have testified had she been permitted to repeat the conversations, in order that this court can see whether the excluded evidence was material and relevant to the issue of the case, and so be able to determine whether the complaining party was prejudiced by its exclusion. [Ruschenberg v. Southern Electric Railroad Co., 161 Mo. 70, l. c. 81, 61 S. W. 626.] Speaking of an offer to prove a narrative of a past occurrence and not a circumstance so connected with the main fact as to characterize the act itself, the court in that case says: "But there is another and cogent reason why this court should not reverse the case for the exclusion of the answer, and it is this: The case might be reversed on the naked refusal to permit an answer to the question, and on retrial it might appear the matter elicited was wholly immaterial and incompetent. The plaintiff should have gone further and stated to the court what he proposed to prove by the witness, and in this way advised this court of its materiality." Several cases are cited in support of this.

In Travelers Assn. v. Tennant, 128 Mo. App. 541, a witness was asked to repeat conversations she had had with her son before his death in regard to her future support. Passing on this our court says: "On objection she was not permitted to repeat these conversations. This ruling is assigned as error. If she was a competent witness to repeat these conversations, which we do not concede, her counsel neglected to get in the record what she would have testified had she been permitted to repeat the conversations, so this court cannot see whether the excluded evidence was material or relevant to the issues in the case, or determine whether the complaining party was prejudiced by its exclusion," citing Ruschenberg v. Railroad, supra. This case from our court is so entirely analogous to the one at bar that it must control. It will be seen by an examination of the abstract as we have quoted it above, that the nearest approach to setting out what statements of either of the defendants were sought to be elicited was that quoted from page 42 of the abstract. Counsel asked the witness whether she had had any conversation with Mrs. Schlenker as to her interests in the will, that is as to the interests of the witness Mrs. Margaret Sweiger, who was one of the plaintiffs. When objection was made to this and the court intimated that it thought the objection was well' taken, counsel stated this: "I want to show admissions of this woman as to her knowledge of what was in that will, and also as to statements made to her as to her connections with that will." It was utterly immaterial and irrelevant in this case to show admissions of this witness as to whether she knew what was in the will, or as to statements made to her by the defendant as to her connection with that will, assuming that it means the connection of the defendant with that will, unless it was followed up with the offer to show what those statements were. They may have been statements that in no way affected the merits of the contro-

versy. We cannot see how the knowledge that the witness had of what was in the will has any relevancy whatever to any fact to the issue. She may have known all about the will—she may have known nothing whatever about it. In either case the knowledge that she had was immaterial to any issue in the case. This is the nearest that the abstract comes to showing what line of testimony was sought to be elicited and brings the case squarely within what is said by this court in the Tennent case, supra. It also comes directly within what was ruled in the Ruschenberg case. See, also, Jackson v. Hardin, 83 Mo. 175, l. c. 187. While this latter case is overrruled in part in the Teckenbrock case, infra, it has never been disturbed on this proposition. That is to say, for anything appearing in the abstract, if the case is retried, and if the witness had answered as to what she said she knew about the contents of the will, we have nothing to inform us as to whether that in any way was material to the issues involved. It might have appeared that the matter elicited was wholly immaterial and irrelevant, and hence that we had needlessly subjected the parties to the expense of a new trial. We are therefore unable to say whether the testimony sought to be elicited was or was not relevant.

However, the ground of the exclusion of the line of proposed testimony is before us in the record and is argued by counsel at length, and that is so important to the determination of other cases in which it may arise, that we cannot allow the rule and proposition of law, contended for by counsel for respondents, advanced by the learned trial judge and evidently governing him in his ruling in the exclusion of the testimony, to stand as if approved even *sub silentio*. In support of the ruling of the court, we are referred by the learned counsel for the respondents to the cases of Schierbaum v. Schemme, 157 Mo. 1, 57 S. W. 526;

Gordon v. Burris, 141 Mo. 602, 43 S. W. 642; and Teckenbrock v. McLaughlin, 209 Mo. 533, 108 S. W. 46.

Counsel cite and quote from Gordon v. Burris, supra, at great length. Referring to that case our Supreme Court has said, in Teckenbrock v. McLaughlin, supra, l. c. 541 and 542, "Certainty in a rule of law is of prime importance in administering justice, and it is not apparent to us why we should unsettle the doctrine of the Schierbaum case. That doctrine, discriminatingly applied, does not cover a case charging in the petition and showing in the proofs that there was a privity of design among the contestees. In such case, or in a case where there is only one devisee or legatee to be affected by avoiding the will, the general rule relating to admissions of parties to the suit may be allowed to obtain in its vigor. [Citing cases.] In deciding the Schierbaum case, certain cases announcing a contrary doctrine were overruled by name. It seems, however, the heresy exploded had been imbedded in other cases escaping the eye of this court, for example: Gordon v. Burris, 141 Mo. 602, and Jackson v. Hardin, 83 Mo. 175. So far as the Gordon case and the Jackson case announce a conclusion contrary to the Schierbaum case, they are now overruled; and we leave the subject with these observations: A will that is shown by competent proof to be in fact the product of undue influence of one devisee or legatee, out of several, is as much void as if it was the product of the undue influence of all of them—it is a bad will." Hence the holding that it is not to be overturned by the admissions of one of several devisees—no conspiracy being charged between all the devisees. So that the heresy pointed out and condemned in the Jackson and Gordon cases by the decision in the Teckenbrock case consists in holding in those cases that in a contest concerning a will, the admissions or declarations of one devisee among several can be admitted to overturn the will itself and hence

deprive the co-devisees of the interests which they would take if the will should stand. Referring to the Schierbaum case, supra, it will be seen that the Supreme Court followed the decisions of the Supreme Courts of Pennsylvania and of Massachusetts, and while quoting from Greenleaf to the effect that the general rule is that where there is a joint interest, the admission of one may be given in evidence against all, notes the exception Greenleaf makes, and his statement that it has been decided that the rule applies to devisees and legatees under the same will, citing some early decisions to that effect. "Greenleaf does not say, however," says the court, "that such is a correct application of the rule, but cites in the same note decisions to the contrary." The Pennsylvania and Massachusetts cases which are followed by our Supreme Court are to the effect that one person is not to be prejudiced by the unauthorized declarations of another. In the Schierbaum case, our Supreme Court, on the page above cited, distinctly calls attention to the fact that the witness whose declarations were sought to be introduced as adverse to the will, was not the only party interested in upholding this will, his sister having a large separate interest of her own that he could not destroy by any admission or act of his.

The rule announced in the Schierbaum case is reiterated in Wood v. Carpenter, 166 Mo. 465, 66 S. W. 172, an exception to the rule being noted, that where there is a conspiracy alleged and evidence given tending to establish that conspiracy, the rule as to admissions against interest, as applied in other cases, is applicable in cases of wills; that in conspiracy cases, the admission of one conspirator can be given in evidence against the others.

In King v. Gilson, 191 Mo. 307, 90 S. W. 367, undoubtedly the case referred to by the learned trial judge, citing and quoting from Wood v. Carpenter and Schierbaum v. Schemme, supra, it is said: "A will con-

test is unlike an ordinary suit where separate judgments may be entered as to each defendant, and the admissions of one defendant can therefore be limited to himself without injuriously affecting the other defendants.'' The testimony sought to be elicited, of declarations by one devisee, was held to have been inadmissible because it was manifest, upon the face of the evidence, that it would be injurious to the other proponents, also legatees under the will.

In Meier v. Buchter, 197 Mo. 68, the Schierbaum case is approvingly cited and it is there said that it will be seen that devisees having a ''joint interest'' (the words ''joint interest'' being put in quotations by the Supreme Court), ''stand on a different footing as to admissions, than do those devisees who have no such interest. In this case it is not necessary to judicially interpret the phrase 'joint interest.' Because, under certain conditions the rule in the Schierbaum case would not be applicable and should not be mechanically applied to the facts in this case.''

We have already cited and quoted from the Teckenbrock case, supra, l. c. 541 and 542.

It is clear from all these cases that where there is but one devisee, one party in interest seeking to sustain the will, the declarations of that party against that party's own interest, whether made before or after the probate of the will, or before or after its execution by the testator, are admissible in evidence. We know of no authority to the contrary; none has been cited.

Counsel and the learned trial court, in holding that the statements of the sole legatee are not admissible, because made subsequent to the probate of the will, have misapplied a well-recognized rule. The rule evidently in mind applies to the testator, not to the legatee or devisee. In the Schierbaum case it is said (l. c. 16) : ''Testimony which purports to relate what a testator said, after making a will, in relation to the causes

which influenced him to make it, is in the category of hearsay evidence and is incompetent," citing cases. In an old case, that of Gibson v. Gibson, 24 Mo. 227, a case quoted with approval in the Teckenbrock case (l. c. 548), it is held that declarations of the testator, introduced in an effort to invalidate the will, made after the execution of the will, are inadmissible in evidence. Even this rule is subject to exception, as when the question is as to the mental capacity of the testator, his sanity, etc. In such cases testimony tending to prove or disprove this, derived from the acts and words of the testator, are admissible. But this is a very different proposition from that involved in this case and does not sustain the contention that declarations of the sole devisee, whenever made, either before or after the execution of the will, or before or after its probate, are not admissible. It may be said that the husband, as executor, is also a party who would be adversely affected by the declarations of his wife, and that the declarations of the wife cannot be admitted as against his interest. As husband, his interest is by and through his wife. As executor he has not such an interest as brings him within the class of devisees. In a sense the executor is trustee for the legatees.

We make these observations in order, as before stated, that we may not be held to determine, by an affirmance of the judgment, that the grounds of objection to the testimony and upon which it was excluded are tenable.

It will serve no useful purpose to set out the evidence in the case. We gather from the abstract that it has been tried twice in the circuit court. The estate is not large. The parties are in moderate circumstances. On a review of all the testimony in the case, as before remarked, we are satisfied that the action of the trial judge, in directing a verdict for the proponents of the will, was correct. The testator was an old man who had been a janitor in one of the pub-

lic school buildings. He was a German, but understood and spoke English. He was ill wih pneumonia and sent for friends who spoke German and told them how he wanted to dispose of his property. The disposition he desired was written out in English by one of them on a typewriter in his presence and read out to him in English, probably also in German, and he signed and the two friends signed. He left the bulk of his rather small estate to a daughter, the defendant with whom he was living. The testimony as to mental unsoundness or undue influence fell far short of proving either. His right to dispose of his property as he saw fit is undoubted and absolute, he having testamentary capacity.

While there was error in the exclusion of testimony on the grounds stated, as the testimony sought to be elicited is not fully before us, and, as far as it is set out, does not appear to be relevant, we cannot say that its exclusion is reversible error. It is for the appellants, claiming error, to point it out clearly, so that a reviewing court can see that on a correction of it a different result might follow. The appellants here have not done that. Hence we will not disturb the verdict or judgment. For the reasons above stated the judgment of the circuit court is affirmed. *Nortoni, J.,* and *Caulfield, J.,* concur.