AUG. TERM
1835.

Bryan
v.
Wear & Hickman

| | |
|---|---|
| 4 | 106 |
| 41a | 498 |
| 4 | 106 |
| 110 | 120 |
| 4 | 106 |
| 119 | 222 |
| 4 | 106 |
| 135 | 107 |
| 69a | 133 |
| 4 | 106 |
| 140 | 267 |
| 4 | 106 |
| 141 | 615 |
| 4 | 106 |
| 145 | 515 |
| 145 | 544 |
| 148 | 542 |
| 76a | 292 |
| 4 | 106 |
| 169 | 637 |
| 94a | 1304 |
| f94a | 1306 |
| 4 | 106 |
| 173 | 1 47 |
| 97a | 1352 |
| 100a | 1584 |

FREDERICK A. BRYAN
v.
ELIAS N. WEAR AND THOMAS HICKMAN.

1. The plff. gave certain matters in evidence to the jury, part written and part parole—none of which were attempted to be disproved—& then moved the court to instruct the jury that he had shewn a legal title to the possession of one half the land in controversy—Held, that it amounted to instructions that they must believe the evidence, and therefore erroneous.
2. When the surveyor of the lands of the U. S. in the State of Mo. certifies copies of papers required by law to be deposited in his office, his hand writing need not be proved to authorise such copies to be given in evidence.
3. A New Madrid certificate upon which a location and survey have been made, is properly deposited in the surveyor's office, and a copy may therefore be certified by him and given in evidence.
4. A New Madrid certificate to A. B. or "his legal representatives" is not void.
5. It seems that "the legal representatives" of A. B. are those deriving title from him by purchase or descent.
6. Such New Madrid certificate is not void on account of A. B. being dead at the time of its emanation.
7. A deed from A. & wife to B. for the lands of the wife is sufficient to enable B. to maintain ejectment; although the deed is not so acknowledged as to pass the title of the wife.

ERROR to the circuit court of Howard county.

The opinion of the court was delivered TOMPKINS,* J.

Bryan commenced his action in the circuit court against Wear in ejectment, Hickman was admitted as co-defendant: judgment being given against them they come into this court to reverse it.

To establish his right to the land in question, Bryan gave in evidence a certificate of the Recorder of land titles for the Territory of Missouri, stating that a lot of one arpen of land in the village of Little Prairie in the counte of New Madrid, which appears from the books of this office to be owned by Lewis St. Aubin, has been materi-

---

* Wash being absent and interested.

ally injured by earthquakes; and that in conformity to the provisions of the act of Congress of the 17th February 1815, the said Lewis St. Aubin or his legal representatives is entitled to locate any quantity of land not exceeding one hundred and sixty acres on any of the public lands of the Territory of Missouri, the sale of which is authorised by law. He next gave in evidence a certificate of location in the words following, to-wit:—Thomas Hickman applies to locate as the legal representative of Lewis St. Aubin one hundred and sixty acres of land, by virtue of a New Madrid earthquake certificate in the name of said St. Aubin or his legal representatives, which said certificate is numbered 195, in the following manner, viz: To include the north-west quarter of section No. 17, in township No. 49, north of the base line of range No. 16, west of the 5th principal meridian.

The plaintiff proved that Lewis St. Aubin resided for some years in the village of New Madrid in the county of New Madrid, and there owned one lot or more, that before his death he removed to the little prairie in said county, where he died about twenty-five years ago, leaving six children, two of whom died in their minority without leaving children.

The plaintiff also read in evidence two deeds, one made by a son of the deceased, the other made by a daughter of the deceased, and her husband, by which deeds they convey their respective shares of the land, located as above mentioned to the plaintiff. On this testimony the plaintiff claims an undivided half of the said tract of land. To the introduction of all which testimony the defendant excepted. The defendant then offered to give in evidence the deposition of the present recorder of land titles to prove that no relinquishment of the land in New Madrid had been made in his office, either by St. Aubin or by those who claim as his heirs. This the court refused to permit. The defendant also offered to give in evidence the deposition of Robert D. Dawson deputy clerk and keeper of the records in New Madrid county, to prove that no record was to be found in that office of a relinquishment of the land in New Madrid to the United States. The court refused also to allow this evidence to be given and its opinion was excepted to.

The defendant then prayed the court to give many instructions, several of which being but a repetition of each other, will be omitted.

The first instruction asked is that they, the jury, must be satisfied that the New Madrid certificate given in evi-

dence in this cause was procured, and that the location on the land was made by the agency and consent of the said Lewis St. Aubin or of his children, or of those claiming under him before they can find for the plaintiff.

2nd. That unless they are satisfied that Lewis St. Aubin or those claiming under him have relinquished their lot in New Madrid county, in lieu of which the said certificate was granted, and by virtue of which the land in controversy was granted, they must find for the defendant.

3rd. That there was no evidence before them to prove that Lewis St. Aubin or those claiming under him, have relinquished to the United States the lot in New Madrid in lieu of which the certificate above mentioned was granted, and by virtue of which the land in controversy was located.

4th. This is the same in substance as the second.

5th. That the plaintiff has given no evidence to support the action of ejectment in this case.

6th. That the New Madrid certificate, and the location under it are void, and cannot support the plaintiff's action.

7th. If they believe that Lewis St. Aubin was dead at the time the certificate in question was issued to him, they must find for the defendant.

8th. Same substantially as the first

9th. That unless they find that the land in controversy was at the time the location was made, authorised to be sold by the laws of the United States, they must find for the defendant.

10th. That the plaintiff has given no evidence to show that the certificate, and the location under it was obtained or procured by the agency or consent of the said Lewis St. Aubin or of those claiming under him.

11. That the deed of Martin and wife given in evidence conveys no title to the plaintiff to enable him to recover in this action.

12th. That the plaintiff has given no evidence to show that the lands in controversy were granted to the said Lewis St. Aubin, in lieu of any land he held in New Madrid county.

13th. Same in substance as the 10th.

14th. That the location read in evidence by the plaintiff, is evidence to show that Hickman located for himself and not for Lewis St. Aubin, or those claiming under him.

15th. That there is no evidence to show that the land

in lieu of which the land in controversy was granted lay within the limits of the County of New Madrid, on the 10th day of November one thousand eight hundred and twelve.

16th. That there is no evidence to show that Felix St. Aubin and Agatha Martin were the legal heirs of Lewis St. Aubin."

The court gave the first and eighth instructions, and at the same time gave as an explanation of them, the following instructions.

17. Although the certificate was granted, and the location made without the consent of those under whom the plaintiff claims, yet, if they afterwards consented it is sufficient. It is the same in point of legal effect, as if they had consented at the time—and that there is evidence of such subsequent consent. But the court refused to give the other instructions asked by the defendant.

The court then on the plaintiff's motion gave the following instruction.

18. "That the plaintiff has showed a legal title to the possession of one half of the land in controversy."

To the opinion of the court in giving the instruction to the jury asked by the plaintiff, and in refusing to give those asked by the defendant, as also to the explanations given by the court to the first and eighth instructions asked by the defendant, he excepted.

The errors assigned by the defendant embrace all the decisions of the court to which he excepted. The points insisted on are as follow:

1st. The court erred in giving the instruction asked by the plaintiff.

2nd. The court erred in receiving in evidence the recorder's certificate, and the certificate of location because they were not duly certified.

3rd. That the certificate of the Recorder of land titles, called here the New Madrid certificate, is void for uncertainty.

4th. That said certificate is void because St. Aubin was dead before it was issued, and because the Recorder did not pursue the law.

5th. That the court erred in refusing to give the third and fourth instructions asked by the defendant.

6th. That the court erred in refusing to instruct the jury that it was necessary for the plaintiff to show that the location was made by Lewis St. Aubin, his children or those claiming under him.

7th. That the court erred in telling the jury that there

was evidence of the consent of the heirs of Lewis St. Aubin.

8th. That the court erred in refusing the eleventh instruction asked by the defendant.

9th. That the court erred in not giving the 12th instruction asked by the defendant.

1st. The instruction asked by the plaintiff below is, that the court instruct the jury that the plaintiff has showed a legal title to the possession of one half of the land in controversy. This was to ask the court to tell the jury that they must believe the evidence given by the defendant to establish his title to the possession of the lands in controversy and therefore wrong. The court then we think committed error in giving this instruction asked by the plaintiff.

2nd. The act declaring what shall be evidence &c., passed 17th January 1825 (see digest p. 362) provides in fourth section that certified copies of plats, surveys, entries, New Madrid certificates and locations, and of all other papers which are by law required to be deposited in the office of the surveyor of the lands of the United States in the State of Missouri, duly certified by such surveyor, shall be received as evidence in the courts of this State.

It is contended by the defendant, 1st, that the handwriting of the surveyor ought to be proved. 2nd, that the Recorder's certificate, here called New Madrid certificate is not one which the law requires to be deposited in the office of the surveyor of the lands of the United States in the State of Missouri.

1st. It seems as unreasonable to require proof of the handwriting of the surveyor, as it would to require proof of the seal of a court attached to a record of one of the States of this Union, made evidence by the laws of the United States, and therefore wrong.

2nd. The second section of the act of Congress requires that the Recorder shall, on proof of the applicant's right issue a certificate thereof to him; and upon such certificate being issued, and the location made on the application of the claimants, by the principal deputy surveyor, for said Territory, or under his direction, it shall be his duty to cause a survey thereof to be made, and to return a plat of each location made to the said recorder, together with a notice in writing, designating the tract located, and the name of the claimant on whose behalf the same shall be made; which notice and plat the Recorder shall cause to be recorded in his office &c.

It is contended here, by the plaintiff's counsel that the

AUG. TERM
1835.

Bryan
v.
Wear & Hickman

The plff. gave certain matters in evidence to the jury, part written and part parole—none of which were attempted to be disproved—and then moved the court to instruct the jury that he had shewn a legal title to the possession of one half the land in controversy—Held that it amounted to instructions that they must believe the evidence, and therefore erroneous.

When the surveyor of the lands of the U. S. in the State of Mo. certifies copies of papers required by law to be deposited in his office, his hand writing need not be proved to authorise such copies to be given in evidence.

A New Madrid

AUG. TERM
1835.

Bryan
v.
Wear & Hickman

*certificate upon which a location and survey have been made, is properly deposited in the surveyor's office, and a copy may therefore be certified by him and given in evidence.*

Recorder's certificate, here called the New Madrid certificate is in the nature of a writ of mandamus sent by a superior to an inferior court, which being shown to him it becomes his duty to obey, and the certificate like the writ is then to be returned to the office of the superior whence it emanated. The counsel for the plaintiff in error has failed to show any subordination of the one office to the other, and none is known to this court: we therefore are disposed to regard it as very common affair of business, and to think it a matter of prudence in the surveyor to keep the Recorder's certificate (called N. M. certificate) after the location is made lest he should return with it at a future day and demand another location.

*A New Madrid certificate to A. B. or "his legal representatives" is not void.*

In our opinion then the Recorder's or N. M. certificate, although not expressly, was impliedly required to be deposited in the office of the surveyor of the lands of the United States in the State of Missouri: this certificate of the Recorder, as well as the certificate of location being in our opinion duly certified, we are of opinion that the circuit court committed no error in permitting them to be read in evidence.

3rd. The third point insisted on is that the N. M. certificate is void for uncertainty. The counsel relies on 4 Cruse digest 206. 2 Bacon 635, to support his assumption. The act of Congress confers this privilege on persons owning lands in the county of New Madrid, which lands have been materially injured by Earthquakes. To ascertain who is the owner of land is often a matter of great difficulty. To make this business as easy and as little mischievous as possible, the then recorder of land titles very judiciously adopted this form of certificate: he could very easily ascertain to whom the land was originally granted; but who was the owner at the time of the earthquakes was another and more difficult thing to be found out. The lands might have descended to heirs, they might have been alienated by deed, those deeds might have been obtained from the grantee of the government, by fraud or duress. He therefore in our opinion

*It seems that "legal representatives" of A. B. are those deriving title from him by purchase or descent.*

very properly allowed the certificate to Lewis St. Aubin or his legal representatives, that is, to the persons deriving title from him whether by descent or purchase. When an individual makes a deed, he has it in his power to name the person who is to take and therefore it is void for uncertainty, if the person who is to take is not ascertained.

Any other rule of construing the certificate would render the act of Congress nugatory. The court then we think did not commit error in this.

AUG. TERM
1835.

Bryan
v.
Wear & Hickman

4th. The fourth point insisted on that the certificate is void because St. Aubin was dead before it was issued, is, in our opinion equally confounded with the third, and for the same reasons.

5th. Whether it be necessary for the ·plaintiff in this action to prove that the land lying in the county of New Madrid, in lieu of which the Recorder issued his certificate, has been relinquished by Lewis St. Aubin or his legal representatives, or whether the land injured shall, on the delivery of the certificate, by the Recorder, be presumed *to revert to, and become absolutely vested in the United States, and no other act required* by that law to be done by Lewis St. Aubin or his legal representatives to vest that land in the United States is a matter about which this court is not now prepared to give an opinion, and will therefore forbear till it hears more argument in this or any other cause that may hereafter be brought up.

*Such New Madrid certificate is not void on account of A. B. being dead at the time of its emanation.*

6th. & 7th. The sixth and seventh points insisted on, depend each on the same principle and the court is equally unprepared to give an opinion on them as on the fifth.

8th. The eighth point is that the court erred in refusing to instruct the jury that the deed from Martin and wife, conveyed no interest to sustain this action. It was proved that Martin's wife was the daughter of Lewis St. Aubin. The deed was executed by herself and husband, and acknowledged before a clerk of the circuit court, and to pass any thing out of her is certainly invalid: but had it been made by Martin alone it would have passed the right of possession to the plaintiff during the joint lives of the husband and wife; and the right of possession is all that our law requires to entitle a plaintiff to maintain his action of ejectment. No error then is committed in refusing this instruction.

*A deed from A. & wife to B. for the lands of the wife is sufficient to enable B. to maintain ejectment; although the deed is not so acknowledged as to pass the title of the wife.*

9th. The twelfth instruction in refusing to give which it is insisted that the court committed error is, that the plaintiff gave no evidence to prove that the lands in controversy were granted to the said Lewis St. Aubin or those claiming under him in lieu of any land he held in New Madrid county. This instruction was asked under the impression that the recorder's certificate was not duly proved; that matter being decided against the defendant, it follows that this instruction was rightly refused.

10th. The point insisted on here is, that the court erred in refusing to instruct the jury as prayed in the fourteenth instruction. This is a point which will also be left undecided for the same reason that others were.

For the reason above given that the court instructed

the jury wrongly on the motion of the plaintiff its judgment is reversed, the cause is remanded.