WOLFF, *Administratrix*, v. CAMPBELL, *Appellant.*

Division One, May 23, 1892.

1. **Contract:** CUSTOM: EVIDENCE. Where a broker represents that he has specified stock in his possession, when such is not the case, and a sale is closed on the faith of his representation, in an action to recover the price paid, evidence of a custom among brokers to sell stock in their own name and to become personally liable to perform the contract is not admissible.

2. ———: ———: ———. While a custom or usage may be received in evidence to explain the meaning of the parties to a contract, written or parol, where the meaning of the contract is uncertain, yet such custom is not admissible to contradict its terms.

3. **Practice:** QUESTION FOR JURY. Ordinarily where a plaintiff in a suit produces parol evidence to support his action, the issue of fact should be submitted to the jury.

4. ———: ———. The evidence may be all one way, yet it is for the jury to say whether or not they believe the witnesses.

5. ———: DIRECTING A VERDICT. Where, however, plaintiff's case as made by the pleadings and certain written evidence shows him to be entitled to judgment, and there is nothing in the parol evidence having any tendency to show anything different, it is not error to direct a verdict for the plaintiff.

*Appeal from St. Louis City Circuit Court.*—Hon. L. B. VALLIANT, Judge.

AFFIRMED.

*John H. Overall* and *Silver & Brown* for appellant.

(1) The trial court committed error in sustaining motion of plaintiff to strike out parts of answer. Where a trade (such as brokers) has been long established, its customs become known to the law, and are judicially taken notice of as a matter of law. Blackburn on Contracts of Sale [2 Eng. Ed.] p. 59. "Parties

who contract on a subject-matter, concerning which known usages prevail, by implication incorporate them into their agreements, if nothing is said to the contrary." *Robinson v. United States*, 13 Wall. 363; *Fitzsimmons v. Brothers*, 81 Mo. 37. (2) The court erred in directing a peremptory verdict for plaintiff. *Bryan v. Wear*, 4 Mo. 106; *Vaulx v. Campbell*, 8 Mo. 224; *Gregory v. Chambers*, 78 Mo. 294; *Hemelreich v. Carlos*, 24 Mo. App. 264; Const. 1875, art. 2, sec. 28; *Com. v. Peter*, 10 Metc. (Mass.) 262; *Huffman v. State*, 29 Ala. 40; Proffatt on Jury Trials, sec. 353. (3) The court should have given defendant's instruction, numbered 1, in the nature of a demurrer to the evidence. Trask, having purchased the note from defendant Campbell, stands in privity with him, and Trask's judgment against plaintiff (which was in evidence) protects defendant Campbell in this suit. (4) The court also erred in refusing to give instructions 2 and 3 as asked by defendant. They embodied elementary principles of law, and had support in the evidence. Authorities, *passim*. (5) The fourth instruction should have been given as asked by defendant. Story on Agency [9 Ed.] secs. 28, 106; *Graham v. Fitch & Co.*, 8 Bush (Ky.) 12; *Beebe v. Robert*, 12 Wend. 413; s. c., 27 Am. Dec. 132.

*Leverett Bell* for respondent.

(1) The circuit court below committed no error in striking out parts of the answer. The allegations so stricken out had no application to the facts of the case, and constituted no defense to the action. (2) The circuit court below committed no error in directing a verdict for the plaintiff. An instruction to find for the plaintiff is proper when there is no evidence to support the defense. *Klausman v. Schoulan*, 32 Mo. App. 357.

It is not error to instruct a jury directly upon the legal effect of facts which are admitted, or which are so clearly proven without countervailing testimony as to be beyond dispute. *Slayback v. Gerckhardt*, 1 Mo. App. 333; *Hedgepeth v. Robertson*, 18 Tex. 871; *Oscanyon v. Arms Co.*, 103 U. S. 261. As it is clear upon the law and the facts that the judgment below was for the right party, it will not be reversed. *Fairbanks v. Long*, 91 Mo. 628; *Fortune v. Fife*, 105 Mo. 433. (3) The circuit court below committed no error in refusing defendant's instructions 2, 3 and 4.

BLACK, J.—Marcus A. Wolff brought this suit against James Campbell to recover $2,500 and interest. The facts, which are not disputed, are:

The plaintiff is a real-estate agent, and the defendant a dealer and broker in notes and other securities. On the twentieth of October, 1887, defendant called at plaintiff's office and offered to sell twenty-five shares of stock of the Fifth National Bank of St. Louis. After some negotiations the plaintiff agreed to take the stock at par and give his note therefor for $2,500 due at ninety days, the note to be secured by the stock. No particular shares were mentioned, nor did defendant state that he was acting as broker for any other person.

On the thirty-first of October, 1887, the defendant sent a messenger boy to the plaintiff's office with a note. The plaintiff at that time signed the note thereby promising to pay to the defendant or order the sum of $2,500 in ninety days with interest from date. At the same time plaintiff executed a writing to defendant pledging the shares of stock to defendant as collateral security for the note. There was also delivered to the plaintiff at the same time a receipt signed by the defendant whereby he acknowledged that he held twenty-five shares of stock to be delivered to plaintiff

on payment of the note. The plaintiff retained the receipt and delivered to the messenger boy the note and agreement pledging the stock. No certificates were then produced or attached to the note. Subsequent events disclosed the fact that the defendant did not then own or have the stock in his possession, nor did he disclose the fact that he had no stock to the plaintiff.

The bank failed in seven or eight days after the date of the note, and the stock then became worthless. A few days before the note matured, to-wit, on the twenty-sixth of January, 1888, the defendant borrowed ten shares of stock from one person and fifteen from another, giving them his receipts therefor, and stating therein that the stock was "to be returned on demand." He then attached the certificates for the stock thus borrowed to the note, and sold the note to a Mr. Trask for a valuable consideration. Trask sued plaintiff on the note and recovered judgment which plaintiff paid, and then commenced this suit to recover back the money so paid on the judgment.

The plaintiff avers in his petition that defendant represented that he held twenty-five shares of stock and could and would deliver the same to plaintiff in consideration of the latter's note; that relying upon such representations he accepted the offer and was thereby induced to execute to defendant his note and the writing pledging the stock, and to accept the defendant's receipt for the stock as held as collateral security for the note; that such representations were false and fraudulent; and that the defendant had and held no stock. The answer of the defendant admits the sale of the stock and the execution of the note and other papers, but denies that any representations made by him were false. He then avers that he was a banker and broker engaged in buying and selling bonds and

other securities for his customers; that pursuant to a custom, well established and known to the plaintiff, he uniformly sold and purchased in his own name, without disclosing the name of the person for whom he acted; that he, sold the stock to plaintiff in accordance with that custom, to be delivered to plaintiff on payment of the note; that his customer, for whom he sold the stock referred to, accepted the terms of the sale, whereby, according to the custom, defendant became personally liable for the performance of the contract; and that he was ready and willing and offered to deliver the stock according to the contract.

On motion of the plaintiff, the court struck out the averments of the answer concerning the alleged custom, to which ruling the defendant excepted. Plaintiff denied the other averments of the answer setting up new matter.

Plaintiff produced considerable evidence including the deposition of the defendant. This evidence discloses the facts before stated, most of which were admitted by the pleadings. The only real issue in the case was as to the alleged false representations. As bearing on this issue the plaintiff testified that defendant came to his office and said he had twenty-five shares of stock of the Fifth National Bank that he would sell; that after some negotiations he agreed to buy the stock on the terms before stated; that defendant said, ''I will keep the stock as collateral to the note,'' and plaintiff replied ''all right.''

Defendant in his deposition read in evidence by the plaintiff says he told plaintiff he had twenty-five shares of stock for sale; that he sold it to plaintiff on ninety days' time with the stock as collateral security to the note. He states further that as soon as the transaction was closed he informed his customer, who declined to carry out the contract, because he wanted

the stock to net par to him; and that he borrowed the stock, after the failure of the bank, and attached the certificates to the note and sold it. He concedes that he had no stock in his possession at the date of the note to deliver to plaintiff.

On this state of the case the court directed a verdict for plaintiff, and refused all the instructions asked by the defendant.

1. The trial court did not err in striking out that part of the answer setting up the alleged custom. A custom or usage may be received in evidence to explain the meaning of the parties to a contract, written or parol, where the meaning is not definitely stated in the contract. *Robinson v. United States*, 13 Wall. 365; *Cole v. Skrainka*, 105 Mo. 310. But a custom cannot be received in evidence to contradict the terms of the contract. As said in *Kimball v. Brawner*, 47 Mo. 399: "Where the subject-matter is certain, and there is no doubt as to the import of the terms employed, evidence of usage is not admissible in respect to what the contract expressly declares. Evidence of usage comes in to 'show the intention of the parties in all those particulars which are not expressed in the contract,' or which are expressed in unusual or technical terms."

Here the *gravamen* of the charge is that defendant represented that he had twenty-five shares of stock which he could and would deliver, when, in fact, he had no such shares. The alleged custom whereby a broker sold stocks and securities in his own name, without disclosing the name of his principal, and became personally bound to perform the contract, does not affect the charge made in the petition. If the defendant made the false representation that he had the stock, and the sale was closed by plaintiff on the faith of that representation, then the custom has nothing to do with the case; for it was immaterial whether defend-

ant sold the stock on his own account, or as a broker merely. The plaintiff's case stands on the theory that he was induced to believe that defendant had the stock, and that the title thereto passed to him on the execution of the note, the contract pledging the stock as security for the note, and the receipt of defendant acknowledged that he held the stock for the plaintiff, when, in fact, no stock was transferred to him. The alleged custom has nothing to do with such an issue.

2. The instruction directing a verdict for plaintiff presents more difficulty. There are cases where such an instruction may properly be given; as where the plaintiff's case, under the pleadings, turns wholly on the construction of a contract, the construction of which is simply a question of law; or where the answer admits the plaintiff's cause of action and sets up new matter as a defense, and the evidence fails to make out a *prima facie* defense. Ordinarily, where the plaintiff produces parol evidence to support his action, the issue of fact should be submitted to the jury. The evidence may be all one way, yet it is for the jury to say whether they believe the witnesses or not. The court has no right to tell the jury they must believe the witnesses. It was so held and ruled at an early day by this court. *Bryan v. Wear*, 4 Mo. 106, approved in *Vaulx v. Campbell*, 8 Mo. 224, and in *Gregory v. Chambers*, 78 Mo. 294.

But where a judgment is manifestly for the right party it ought not to be reversed. Here the note, the contract signed by the plaintiff pledging the stock back to defendant, and the defendant's receipt were in evidence. The answer in express terms admits the execution of all these instruments. The agreement pleaded, admitted and proved by these instruments was, that defendant sold and delivered twenty-five shares of stock to plaintiff, for which he executed his note and pledged

the stock for the payment of the note and received the defendant's receipt acknowledging that the latter then held the stock as collateral security. The transaction thus consummated amounted to a representation on the part of the defendant that he then had and held the stock. It was not, and could not have been a sale for future delivery. There is nothing in any of the parol evidence which has the least tendency to overcome the case thus made out by the pleadings and written instruments. The evidence of the plaintiff and that of the defendant differs a little as to what was said, but the actual transaction as shown by the executed instruments stands unaffected. The transaction on the face of these papers professes to vest the title to twenty-five shares of stock in the plaintiff, while in point of fact plaintiff got nothing whatever. There was an entire failure of consideration for the note.

The fact that the defendant procured the worthless shares a few days before the note became due and attached the certificates to the note was no compliance with the contract. It was a mere subterfuge. As we have said, the transaction, as evidenced by the written instruments themselves, amounted to a representation by the defendant that he had and held the twenty-five shares of stock at the date of the note, and that the title thereto vested in the plaintiff, a representation admitted and conceded to have been untrue.

The fact that no particular shares were named, and that the plaintiff trusted defendant to attach the certificates, supposed to be then in his possession, to the note cannot affect the result. The judgment is manifestly for the right party, and it is affirmed. All concur.