DALTON, Administrator, Appellant, v. CITY OF POPLAR BLUFF.

Division Two, March 17, 1903.

1. **Request to Overrule Former Decision:** PARTIES NOT IN INTEREST. The request to overrule a former decision of the court on exactly the same subject should at least come from a party to the action who is bona fide interested in the result, and not a mere figurehead, or instrument in the hands of some person who is interested.

2. **Taxbills:** CONTRACT WITH CITY: SUIT BY ADMINISTRATOR. Where in the contract with a city for reducing the grade of its streets, both the ordinance and the contract provide that the contractor "shall have no claim or lien on the city in any event" for the payment for said work, but the contractor agrees, as the ordinance requires him to do, that he is to "be paid from special assessments for the work done by him," and he collects a large sum of money on such taxbills and after his death his administrator sells the balance for a small sum to a speculator, the administrator can not assert that these provisions of the ordinance and the taxbills are void.

3. **Practice:** PEREMPTORY INSTRUCTION FOR PLAINTIFF. In an action at law the court should not give an instruction that "under the pleadings and evidence the verdict must be for plaintiff," for such an instruction would deprive the court sitting as a jury of its right to say whether or not it believes the witnesses, but in effect declares that it must believe them.

Appeal from Madison Circuit Court.—*Hon. Jas. D. Fox, Judge.*

AFFIRMED.

*Geo. L. Edwards* for appellant.

(1) The charter of defendant expressly authorized the defendant by both its legislative body, the mayor and city council, and by its "city council," to make such contracts as sued upon, and they were entered into with I. M. Davidson in strict accord with that authority; and the cost of the improvement con-

tracted for, defendant's charter provided should be paid from an assessment upon all the taxable property within the limits of the city. Secs. 1495 and 1514, Revised Statutes 1889; City to use v. Hoag, 62 Mo. App. 672. "Where a charter commits the decision of a matter to the council, and is silent as to the mode of expressing the decision, it may be evidenced by resolution, and need not be in the form of an ordinance." Eichenlaub v. St. Joseph, 113 Mo. 402; State ex rel. v. Milling Co., 156 Mo. 632. See also Municipal Corporation Cases, vol. 5, notes page 520, where the authorities are extensively collected and said to abundantly establish the following proposition: "It is established by an overwhelming weight of authority that where authority is given the council to act in a certain matter without any designation of the form or manner of the action, a resolution is of equal efficacy with an ordinance." (2) The resolutions adopted by the defendant and approved by its mayor were adopted and approved with the same formality and procedure required to enact ordinances, and were therefore sufficient to authorize the contracts sued upon. Cape Girardeau v. Fougeu, 30 Mo. App. 671; City to use v. Knott, 49 Mo. App. 612; City to use v. Hoag, supra; Railroad v. The Governor, 23 Mo. 353; St. Louis v. Foster, 52 Mo. 513; Cape Girardeau v. Riley, 52 Mo. 424; Becker v. City of Washington, 94 Mo. 375; State ex rel. v. Mead, 71 Mo. 266; Barber Asphalt Co. v. Hunt, 100 Mo. 22; Hamilton v. Rutherford, 97 Mo. 543; Water Co. v. City of Aurora, 129 Mo. 578; 1 Dillon on Municipal Corporations (4 Ed.), sec. 310, p. 390, and cases cited in note 2; Asphalt Paving Co. v. Ullman, 137 Mo. 568; 1 Dillon on Municipal Corporations (4 Ed.), note 2, p. 389. (3) The contracts have been fully executed and performed on the part of the contractor, and are within the corporate powers of defendant, and from which it, and its citizens whom it represents, have received large benefits, and defendant is estopped to deny

their validity because of irregularity in their execution, if any such there be, or because that in their execution the mode pointed out by its charter was not observed. Page v. Board of Education, 59 Mo. 264; 2 Herman on Estoppel and Res Judicata, sec. 1222, pp. 1363 to 1366; Rose v. Baltimore, 51 Md. 256; Chicago v. Wheeler, 25 Ill. 478; Higgins v. Chicago, 18 Ill. 276; Maher v. Chicago, 38 Ill. 266; Martel v. East St. Louis, 94 Ill. 67; Logan Co. v. Lincoln, 81 Ill. 156; Leavenworth v. Laing, 6 Kan. 274; Sleeper v. Bullen, 6 Kan. 300; Bill v. Denver, 29 Fed. 334; Bank v. Arkansas City, 74 Fed. 293; Warner v. New Orleans, 87 Fed. 827; Norwalk Gaslight Co. v. Borough of Norwalk, 63 Conn. 520; Mound City v. Snoddy (Kan.), 35 Pac. 1112; Tappan v. Imp. and Com. Co., 59 N. J. L. 371; Bigelow on Estoppel (5 Ed.), pp. 466 to 470; National Tube Works Co. v. City of Chamberlain, 37 N. W. 761, 5 Dak. 54; McGuire v. Rapid City (Dak.), 43 N. W. 706; Schipper v. City of Aurora, 121 Ind. 154; Moore v. New York, 73 N. Y. 238; 2 Dillon on Municipal Corporations (4 Ed.), sec. 936, p. 1141; Union Depot Co. v. St. Louis, 76 Mo. 393; St. Louis v. Davidson, 102 Mo. 149; Bigelow on Estoppel (5 Ed.), sec. 685; State ex rel. v. Murphy, 134 Mo. 548; City of Unionville v. Martin, 68 S. W. 605. (4) Plaintiff is entitled to recover upon the contract sued upon, and the measure of his damages is the contract price with interest. Fisher v. St. Louis, 44 Mo. 482; Oster v. City of Jefferson, 57 Mo. App. 485; Steffen v. St. Louis, 135 Mo. 44; Thornton v. City of Clinton, 148 Mo. 648; Hitchcock v. Galveston, 96 U. S. 341; Barber Asphalt Paving Co. v. City of Harrisburg, 64 Fed. 283, 12 C. C. A. 100; Barber Asphalt Paving Co. v. Denver, 72 Fed. 336, 19 C. C. A. 139; Maher v. Chicago, 38 Ill. 266; Chicago v. People, 56 Ill. 327; Sleeper v. Bullen, supra; Leavenworth v. Mills, 6 Kan. 288; Bancroft v. Council Bluffs, 63 Iowa 646; Schofield v. Council Bluffs, 68 Iowa 695.

*Phillips & Phillips* for respondent.

(1) Defendant's charter did not authorize it to enter into the contract sued on. The charter empowers it to make contracts of the character sued on, pursuant to ordinance enacted for that purpose. Section 1495 does not authorize cities of the third class to bind themselves by contracts entered into, pursuant to resolutions. R. S. 1899, sec. 1495; Wheeler v. Poplar Bluff, 149 Mo. 36. In the case of Kolkmeyer v. City of Jefferson, 75 Mo. App. 682, SMITH, P. J., speaking for the court, says: "No street in a city of the third class can be graded, nor can payment of the cost thereof be made in either of the ways prescribed by statute, except in pursuance of a lawful ordinance passed for that purpose." R. S. 1899, sec. 1495; Nevada v. Eddy, 123 Mo. 546; Wheeler v. Poplar Bluff, 149 Mo. 36. (2) To point 3 of appellant's brief, we answer, that the respondent is not estopped from denying the validity or regularity of the steps taken by its council and other agents in entering into the contract sued on. Wheeler v. City, 149 Mo. 36. A municipal corporation can only act in the cases and in the mode prescribed by its charter; and for street improvements of a local nature; express contracts authorized by ordinance are necessary to create a liability. The doctrine of implied liability as upon implied contracts has no application to cases of this character. McBrien v. Grand Rapids, 5 Mich. 95; 7 Am. and Eng. Corp. Cases, 573; Wheeler v. City, supra; Kolkmeyer v. City of Jefferson, supra; 15 Am. and Eng. Ency. Law (1 Ed.), p. 1085. Charters of cities of the third class do not authorize them to enter into contracts pursuant to resolutions declaring the work necessary. The doctrine of estoppel is not in this case. Horton not being authorized by ordinance to sign the contract, did not bind the city, but only bound himself, if anybody at all. Chase v. Railroad, 97 N. Y. 384; Keating v. Kansas City, 84 Mo. 419; McDonald v. Mayor, 68 N. Y. 83; Peterson

v. Mayor, 17 N. Y. 449; Johnson v. School Dist., 67 Mo. 321; Beach, Pub. Corp., 321. (3) It is a general and undisputed proposition of law, that a municipal corporation possesses and can exercise the following powers, and none others: first, those granted in express words; second those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the declared object and purpose of the corporation—not simply convenient, but indispensable. Kansas City v. Swope, 79 Mo. 346; Leach v. Cargill, 60 Mo. 316; Kenley v. Oppenheimer, 55 Mo. 374; Dill. Mun. Corp., sec. 99; Ottawa v. Crary, 108 U. S. 110; City of Eufala v. McNab, 67 Ala. 588; Napp v. Kansas City, 48 Mo. App. 492; Joplin v. Leckie, 78 Mo. App. 12. (a) And any fair, reasonable doubt concerning the existence of the power is resolved by the court against the corporation. St. Louis v. Bell, 96 Mo. 623; Ex parte Mayor, 78 Ala. 419; Dill. Mun. Corp., secs. 90, 91. (b) Neither the corporation nor its officers can do any act, or make any contract, or incur any liability, not within the scope of its charter powers applicable thereto. Any act in excess of such power is void. Kansas City v. Flannigan, 69 Mo. 22; Butler v. Nevin, 88 Ill. 75; Wheeler v. City of Poplar Bluff, 149 Mo. 36. (c) These principles are derived from the nature of corporations, the mode in which they are organized, and in which their affairs must be conducted. Knapp v. Kansas City, 48 Mo. App. 492.

BURGESS, J.—This is an action upon certain contracts entered into by plaintiff's intestate, I. M. Davidson, deceased, and the city of Poplar Bluff, for reducing to grade certain streets of that city by him in pursuance of the provisions of said contract.

The answer admits the incorporation of defendant city, that the resolution of October 17, 1892, was passed and published, but avers that said allegation in the first count of plaintiff's petition touching said resolution

wholly fails to state the facts stated in said resolution. The answer also admits the passage of an ordinance on November 21, 1892, as entitled, but avers that plaintiff wholly fails to set forth any of the provisions thereof, and denies that the facts stated touching said ordinance are true, and avers that plaintiff's allegation touching said ordinance does not state the facts thereof, nor any of the facts. It denies that said ordinance gave any power or authority or any direction by force thereof to do any of the acts alleged in plaintiff's petition, or in any way connected with or referred to, or gave to said resolution any force or validity. The answer then avers that Davidson was fully paid for any and all work of any and all kinds he executed for said city.

The case was tried by the court sitting as a jury, who found the issues for the defendant and rendered judgment accordingly. Plaintiff appeals.

The facts are substantially the same as in the case of Wheeler v. City of Poplar Bluff, 149 Mo. 36, with the exception that in the case at bar, the evidence showed that Davidson had received all the taxbills to which he was entitled under the contracts, had collected thousands of dollars upon them, and that those not collected were sold by plaintiff herein as the administrator *de bonis non* of his estate in pursuance of an order of the probate court of Butler county to one James A. Lavin for the sum of $100, and that Davidson had repeatedly expressed himself as being satisfied with what he had received from the abutting property-owners for what grading he had done.

At the close of all the evidence plaintiff prayed the court to declare the law to be "that under the pleadings and evidence the verdict and judgment must be for the plaintiff," which was refused. This was all the declaration of law asked by either party.

Under this state of facts we are asked to reconsider and overrule the Wheeler case, and establish a result as *claimed* "more in harmony with justice." Such a

request should at least come from a party to an action who is bona fide interested in the result, and not a mere figurehead, or instrument in the hands of some person who is interested.

It is boldly asserted by counsel for plaintiff in his brief: "I take opportunity to say that it is true that the contracts of I. M. Davidson sued upon have been sold to others who are now prosecuting this action. I take also opportunity to say that those 'others' are the same citizens of the defendant city who furnished the money to grade its streets involved in the Wheeler case, and lost it through the decision in that case, and I submit to this court if there is anything wrong in their attempt to thus diminish their loss, or if that is any reason why their appeal in this case should not receive the most careful investigation by this court."

In response to the first assertion we may be permitted to say that it is verified by the record which shows conclusively that all the interest which I. M. Davidson had remaining in the contracts at the time of his death, was evidenced by a few taxbills which remained uncollected at that time, and which were thereafter sold by an order of the probate court of Butler county to James A. Lavin.

In answer to the other contention it may not be out of place to say that it would certainly be as inequitable and unjust to the property-holders of Poplar Bluff who paid the taxbills for grading the streets in front of their respective properties for which counsel for plaintiff insists, that, "the city is not entitled under any circumstances, to have credit for such of the illegal taxbills as the contractor may have collected," to impose upon them the burden of being again taxed, as they would necessarily be compelled to be, for the payment of any judgment which might be rendered in favor of plaintiff in this case, as it would be for plaintiff to lose a suit in which the estate that he represents has not one cent interest, and the real party in interest one hundred dol-

lars, which he evidently invested for purely speculative purposes with knowledge of all the facts connected with them.    Moreover, it is not only provided by section 9 of ordinance No. 188 of said city, that "any person who shall make any contract with the city, and who agrees to be paid from special assessments for the work done by him, shall have no claim or lien upon the city in any event or contingency; and no work, the payment of which is to be made by special assessments, shall be awarded to any contractor who will not so agree;" but the contract between Davidson and the city contains this provision: "Said first party [Davidson] agrees to assume all risk for failure to comply with said ordinances and statutes as aforesaid by said second party. And the said first party hereby agrees to accept said special taxbills, issued as aforesaid, in full payment and discharge of said second party for the doing of the work herein contracted for."    And the evidence not only shows that he collected a large proportion of the taxbills, but that his administrator thereafter sold as such for the benefit of his estate all of them that remained uncollected, and it does not now lie in the mouth of his administrator to say that the provisions of the contract quoted or the taxbills issued in accordance therewith are void.

There was no error in the refusal of the declarations of law asked by plaintiff.    Plaintiff introduced parol evidence over the objection of defendant to show that the resolutions read in evidence were adopted and approved with the same formality and procedure required to enact ordinances, and were therefore sufficient to authorize the contracts sued upon.

In Wolff v. Campbell, 110 Mo. 114, the trial court directed a verdict for plaintiff, and refused all the instructions asked by the defendant, and in passing upon the action of the court in this regard it is said: "There are cases where such an instruction may properly be given; as where the plaintiff's case, under the pleadings,

turns wholly on the construction of a contract, the construction of which is simply a question of law; or where the answer admits the plaintiff's cause of action and sets up new matter as a defense and the evidence fails to make out a prima facie defense. Ordinarily, where the plaintiff produces parol evidence to support his action, the issue of fact should be submitted to the jury. The evidence may be all one way, yet it is for the jury to say whether they believe the witnesses or not. The court has no right to tell the jury they must believe the witnesses. It was so held and ruled at an early day by this court (Bryan v. Wear, 4 Mo. 106, approved in Vaulx v. Campbell, 8 Mo. 224, and in Gregory v. Chambers, 78 Mo. 294).'' [Mineral Land Co. v. Ross, 135 Mo. 101; Huston v. Tyler, 140 Mo. 252.]

In Gordon v. Burris, 141 Mo. 602, it is said: ''But when evidence is given in support of an issue, and such evidence is not of a character which requires the interpretation of the court, it has been held that the jury should be left to pass upon it though no contradictory evidence be given. The jury, it is said, must determine the credibility of witnesses and the weight to be given to their evidence, and a court, when it undertakes to pass upon the sufficiency of such evidence to prove a given fact, usurps the province of the jury. This rule has not been uniformly recognized in this State, but was declared at an early day and has been generally followed in later decisions. [Bryan v. Wear, 4 Mo. 106; McAfee v. Ryan, 11 Mo. 364; Wolff v. Campbell, 110 Mo. 120.]''

The same rule is announced in Ford v. Dyer, 148 Mo. 528. In the absence of this evidence it was not affirmatively shown that the resolutions of the city council were passed with the same formalities required for the passage of an ordinance, and it will be held that they were not so passed. [Wheeler v. City of Poplar Bluff, 149 Mo. 36.]

This declaration of law, had it been given, would have deprived the court of its province sitting as a jury of the right to say whether it believed the witness or not, but in effect declared that the court must believe the witness. This declaration was properly refused upon the further ground that upon the facts of the case as disclosed by the record, plaintiff is not entitled to recover.

The Wheeler case was concurred in by all of the members of this Division. It was again considered on motion for rehearing presented by the same counsel who appears for plaintiff in this case, and the motion overruled by the unanimous concurrence of the members of this Division, and we are entirely satisfied that the legal principles therein announced are well sustained by both reason and the adjudications of the appellate courts of this State, and we therefore adhere to that opinion.

In conclusion we may say that in our opinion there is no merit in this appeal, and that the conclusion reached by the trial court was for the right party, and that its judgment should be affirmed. It is so ordered.

*Gantt, P. J.,* concurs; *Fox, J.,* not sitting.