MARY KETCHUM, Respondent, v. THE CITY OF MONETT, Appellant.

Kansas City Court of Appeals, November 29, 1920.

1. **MUNICIPAL CORPORATIONS: Authority to Construct Improvements: Damages.** Where a city passed a resolution with the same formality as an ordinance declaring it necessary to improve a certain street on which plaintiff's lots fronted by constructing curb and gutter on both sides thereof, and there was at the time of the passage thereof a prior general ordinance in force requiring all grades, curb and gutter when made to conform with the established grade provided therein, the improvements made thereunder were thereby authorized and the city was liable for damages

to a property owner sustained by reason of the construction of curb and gutter above the natural grade.

2. ———: Resolution Passed with Formalities of Ordinance: Same Effect. Where a city passed a resolution with all the formalities of an ordinance it had the same effect as an ordinance and authorized the construction of the improvements thereon to be done in accordance with the general ordinance of the city and is sufficient legal authority for the construction of said improvements rendering the city liable for damages caused thereby.

3. DAMAGES: Extent Disputed: Jury Question: Final on Appeal. Where there is evidence *pro* and *con* on the subject of damages the question is one for the jury and its verdict settles that matter.

4. INSTRUCTIONS: Covered by Others Properly Refused. It was not error to refuse an instruction which was fully covered by the other instructions.

Appeal from Vernon County Circuit Court.—*Hon. Berry G. Thurman,* Judge.

AFFIRMED.

*W. M. Bowker* and *A. E. Elliott* for respondent.

*John T. Burgess* and *W. H. Hallett* for appellant.

TRIMBLE, J.—For the third time this case comes before the Appellate Courts of Missouri. It is a suit to recover damages accruing to plaintiff as the owner of two lots fronting on Fifth Street in Monett, Mo., by reason of the city having constructed, in front of said lots, a curb and gutter on a grade higher than the natural surface. Originally, the charge also included the construction of a sidewalk on the established grade, and as this act was alleged to constitute the principal basis of plaintiff's damage, and as there was no evidence of a sidewalk having been authorized by the city, the judgment plaintiff obtained was reversed and the cause remanded by the Springfield Court of Appeals. [Ketchum v. City of Monett, 193 Mo. App. 529.] Thereafter, the plaintiff by amendment elimated the sidewalk as one of

the elements of her damage and defendant then recover-
ed judgment, which, for error at the trial, was reversed
and the cause was again remanded. [Ketchum v. City
of Monett, 192 S. W. 470.] Thereupon, a change of
venue was taken to Vernon County where a third trial
was had resulting in a verdict for plaintiff, assessing
her damages at $314. The defendant has appealed.

Various errors are complained of, most if not all of
which are based upon the contention that the improve-
ments were not authorized by the city.

Monett is a city of the third class. In May, 1907,
the city council passed an ordinance providing that the
plans, profiles, specifications, grades and elevations
made for the grades of the streets and sidewalks of
Monett by Cook, a civil engineer, were adopted as the
grades of the streets and that "hereafter all sidewalks
and street grades shall be constructed by and in con-
formity to the said grades and plans aforesaid under
the direction and supervision of the city engineer." Said
ordinance also made it a misdemeanor to violate the
same. The grades of the street in front of plaintiff's lots,
thus appearing in the Cook profile and plans, was from 10
to 21 inches higher than the natural surface of said lots.
When the grade was actually raised and the curb and
gutter placed on the established grade, as hereinafter
stated, it was done according to these plans and profile
thus established by ordinance.

On September 9, 1913, the city council passed Reso-
lution No. 35, with the same formalities as an ordinance,
wherein the city declared it necessary to improve Fifth
Street, on which plaintiff's lots fronted, by constructing
curb and gutter on both sides thereof, to be done in ac-
cordance with the plans, estimates of costs and specifi-
cations of the city engineer filed in the city clerk's office;
said resolution further provided for the levying of special
tax bills to pay for same. It is true, this resolution did
not expressly say the curb and gutter should be placed
on the established grade, but the said grade so established
was on file in the city clerk's office, the city had by gener-

al ordinance required all grades, curb and gutter when made to conform to the established grade and this was done in the performance of the work, as hereinafter shown.

Thereafter the city council passed ordinance No. 549 directing that bids be advertised for said work as provided in said Resolution No. 35. This was done and L. A. Mason became the lowest and best bidder; and by Ordinance No. 555, he was accepted and declared to be the lowest and best bidder for the work including the furnishing of "all labor and material for excavating, filling and preparing foundations therofor and constructing thereon the curb and gutter on both sides of Ffth street" in front of plaintiff's lots as called for in said Resolution No. 35; and ordinance No. 555 directed a contract to be entered into with said Mason "in accordance with his bid and the plans and specifications and the ordinance aforesaid for the doing of said work."

Thereafter, a contract was duly entered into with said Mason and the work was done in accordance with Resolution No. 35 and the Ordinances of the city and in accordance with the plans, specifications and profile on file in the city clerk's office, and the same was certified by the city engineer to the city that the contract was so performed and the work completed.

It is, therefore, manifest that the city did, by ordinance, authorize the improvement to be made; and while the authorization of the work did not expressly say it should be on the established grade, yet by the general ordinances of the city, all such improvements had to be on the grade as established. In the nature of things the grade of the street and of the curb and gutter must conform to each other in order to be of any use or practical benefit whatever; and the fact that the city intended the curb and gutter to be on the grade it had established is shown by the requirements provided for in the ordinance accepting the bid and directing a contract to be entered into. Consequently this is not a case where the city by a general ordinance established the grade of a

205 App.—43

street on paper and then, without any legal authority or legislative direction from the city ordering the improvement the street is brought to the established grade, by the parties making the improvement. Were that the case then the city would not be liable even though the persons doing the work were city officials. [Kroffe v. City of Springfield, 86 Mo. App. 530, 535.] But that is not the situation here. In the case at bar, the city by Resolution, which was in fact an ordinance since it was passed with all the formalities thereof, authorized the improvement which had to be done in accordance with the general ordinance of the city, and the provision of the special ordinances passed in relation to the improvement ordered contain provisions which also disclose that fact. Hence we think there is no room for saying the city is not liable because no legal authority from it was shown to make the improvement causing the damages.

As to the claim that plaintiff's property was not damaged, it is sufficient to say that there was evidence *pro* and *con* on this subject and, as the question was one for the jury, its verdict settles that matter.

There was no error in refusing defendant's instruction B. It was fully covered by the other instructions. The case was properly tried under well established principles of law and in accordance with the rules laid down in the two former appeals.

The judgment should be affirmed. It is so ordered. All concur.